J-S50027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN ROBERT FREEMAN | |
| Appellant | No. 1757 EDA 2014 |

Appeal from the PCRA Order May 23, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001077-1995

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                **FILED OCTOBER 21, 2015**

Appellant, Bryan Robert Freeman, appeals from the May 23, 2014 order dismissing, as untimely, his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In addition, Appellant's counsel has filed with this Court a petition to withdraw, together with a **_Turner_**/**_Finley_**[1] no-merit letter, averring the appeal is without merit.  After careful review, we grant counsel's petition to withdraw and affirm.

We summarize the relevant procedural history from the certified record in this case as follows.  On December 7, 1995, the trial court imposed

---

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super 1988) (_en banc_).

a sentence of life imprisonment without the possibility of parole after Appellant pled guilty to first-degree murder,[2] committed when he was 17 years old.  Appellant did not appeal his sentence to this Court.  Accordingly, his judgment of sentence became final on January 8, 1996, when the time to file a notice of appeal to this Court expired.[3]  ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(c) (stating, "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[]").  Therefore, Appellant had until January 16, 1997 to timely file a PCRA petition.[4]  ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition

_____

[2] 18 Pa.C.S.A. § 2502(a).

[3] We observe that the 30th day fell on Saturday, January 6, 1996.  When computing the 30-day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday …, such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, January 8, 1996.

[4] The 1995 amendments to the PCRA initiated the current one-year time-bar.  The 1995 amendments also granted prisoners whose judgment of sentence had become final by the implementation of the time-bar, one year from the effective date of the amendments to file their first PCRA petition.  Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1).  The effective date of the 1995 amendments was January 16, 1996.
*(Footnote Continued Next Page)*

under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]").

Thereafter, Appellant filed, *pro se*, a timely PCRA petition on January 10, 1997. Appellant later withdrew the petition on April 23, 1997.

On September 15, 2005, Appellant filed, *pro se*, a second untimely PCRA petition. The PCRA court dismissed the petition on January 17, 2006, and this Court dismissed the appeal due to counsel's failure to file a brief. ***Commonwealth v. Freeman***, 335 EDA 2006 (Pa. Super. 2006). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 6, 2010, Appellant filed, *pro se*, a third PCRA petition that is the subject of this appeal. The PCRA court appointed counsel on July 15, 2010. On September 2, 2010, the PCRA court stayed the PCRA proceedings pending the decision of our Supreme Court in ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013). Thereafter, Appellant's counsel filed an amended PCRA petition on August 16, 2012. The PCRA court again stayed the PCRA proceedings pending our Supreme Court's decision of ***Batts*** and ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S. Ct. 2724 (2014). On April 1, 2014,

_(Footnote Continued)_ ─────────────

Accordingly, "a petitioner's first PCRA petition, that would otherwise be considered untimely because it was filed more than one year after the judgment of sentence became final, would be deemed timely if it was filed by January 16, 1997." ***Commonwealth v. Thomas***, 718 A.2d 326, 329 (Pa. Super. 1998) (*en banc*).

the PCRA court issued notice of its intention to dismiss the amended petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not respond to the Rule 907 notice. On May 23, 2014, the PCRA court lifted the stay and dismissed the amended petition. Appellant timely filed, *pro se*, a notice of appeal on June 10, 2014.[5]

On March 26, 2015, counsel filed a petition to withdraw in this Court, together with a **Turner**/**Finley** no-merit letter. On May 13, 2015, Appellant filed a *pro se* answer to the **Turner**/**Finley** letter.

_____

[5] On June 12, 2014, the PCRA court ordered Appellant's counsel to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant's counsel filed a Rule 1925(b) concise statement on July 3, 2014. On August 28, 2014, the PCRA court filed its Rule 1925(a) opinion, explaining that the petition was time-barred.

Moreover, we note that we have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel. **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007). However, our Supreme Court has held that a *pro se* notice of appeal filed by an appellant while represented by counsel shall be considered merely premature if counsel and the trial court take appropriate actions to perfect the appeal. **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011).

Herein, after Appellant filed his *pro se* notice of appeal, the PCRA court directed counsel to file a Rule 1925(b) statement, and counsel then complied. Further, counsel filed a Rule 3517 docketing statement with this Court, indicating that he was representing Appellant. Superior Court Criminal Docketing Statement, 7/7/14, at 1. Accordingly, the PCRA court and counsel's actions effectively perfected this appeal, and we have jurisdiction to address the merits of this appeal. **See id.**

In his ***Turner***/***Finley*** letter, counsel identifies the following issues Appellant seeks to have reviewed as taken from Appellant's Rule 1925(b) statement.

> 1. [Whether] the trial court erred in denying his petition for writ of habeas corpus when the trial court treated the petition for writ of habeas corpus as a petition for post collateral relief[?]
>
> 2. [Whether] the trial court erred in denying a hearing on the merits of his petition for writ of habeas corpus[?]
>
> 3. [Whether] the trial court erred in not vacating Appellant's juvenile life without parole sentence which he is currently serving[?]
>
> 4. [Whether] the trial court erred in not holding a new sentencing hearing in light of the [United States Supreme Court] ruling in ***Miller*** [***v. Alabama***, 132 S. Ct. 2455 (2012)][?]

***Turner***/***Finley*** Letter at 2.[6]

In his *pro se* answer to counsel's petition to withdraw and ***Turner***/***Finley*** letter, Appellant sets forth six additional issues, in which he contends that the PCRA court improperly addressed his petition under the PCRA, instead of as a *habeas corpus* petition, and that the PCRA court

---

[6] We note that counsel's ***Turner***/***Finley*** letter does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

should have applied **Miller** retroactively.[7] Appellant's *Pro Se* Answer, 5/13/15, at 1-3.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing.

_____

[7] We do not reproduce Appellant's issues, *verbatim*, because they are not relevant to our disposition.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting*

*Commonwealth v. Turetsky,* 925 A.2d 876, 882 (Pa. Super. 2007)

(citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also*

Pa.R.Crim.P. 907. "We stress that an evidentiary hearing is not meant to

function as a fishing expedition for any possible evidence that may support

some speculative claim ...." *Commonwealth v. Roney*, 79 A.3d 595, 604-

605 (Pa. 2013) (citations and internal quotation marks omitted), *cert.*

*denied*, *Roney v. Pennsylvania*, 135 S. Ct. 56 (2014). We review a PCRA

court's decision to dismiss without a hearing for abuse of discretion. *Id.* at

604.

Before we consider Appellant's arguments, we must review PCRA

counsel's request to withdraw from representation. As described by our

Supreme Court, the requirements PCRA counsel must adhere to when

requesting to withdraw include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009), *quoting*

***Finley***, ***supra*** at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Id.*** (citation omitted).

Here, we conclude that counsel has complied with the technical requirements of ***Turner/Finley***. Specifically, counsel's ***Turner/Finley*** letter details the nature and extent of his review, addresses the claims Appellant raised in his amended PCRA petition and Rule 1925(b) statement, and determines that the issues lack merit. Counsel provides a discussion of Appellant's claims, explaining why the issues are without merit.

Additionally, counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** brief, advising Appellant that, if counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. We proceed, therefore, to conduct an independent merits review of Appellant's claims.

Turning to the merits of Appellant's issues on appeal, Appellant's PCRA petition is facially untimely, as it was filed over 14½ years after his sentence became final. Appellant's amended PCRA petition asserts the newly recognized constitutional right exception to the PCRA time-bar in Section 9545(b)(1)(iii). Appellant's Amended PCRA Petition, 8/16/12, at 2.[8] Appellant argues that the United States Supreme Court's decision in **Miller** should be retroactively applied. Appellant's *Pro Se* Answer, 5/13/15, at 2-3. However, our Supreme Court has rejected that argument.[9] **Cunningham**, **supra** at 11. To the extent Appellant argues that this Court should give broader retroactive effect to **Miller** under **Danforth v. Minnesota**, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for

---

[8] We note that Appellant's amended PCRA petition does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

[9] On March 23, 2015, the Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, 135 S. Ct. 1546 (2015), which presents the **Miller** retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, **Cunningham** remains dispositive of the issue in Pennsylvania.

the purposes of the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held by that court to apply retroactively[]").

Appellant also argues that he is entitled to *habeas corpus* relief outside of the parameters of the PCRA. Appellant's Brief at 16. This Court has explained that claims pertaining to **Miller** go to the legality of the sentence. **Commonwealth v. Brown**, 71 A.3d 1009, 1015-1016 (Pa. Super. 2013), *appeal denied*, 77 A.3d 635 (Pa. 2013). Legality of sentence claims are expressly cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vii); **accord Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (citation omitted). Therefore, because Appellant's "claim[] [was] cognizable under the PCRA … the writ of *habeas corpus* was not available." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (citation omitted), *cert. denied*, **Turner v. Pennsylvania**, 134 S. Ct. 1771 (2014); **see also** 42 Pa.C.S.A. § 9542 (stating that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*[]) (italics added).

Based on the foregoing, we agree with counsel that the issues Appellant raises in this appeal are meritless. Further, the trial court did not abuse its discretion by disposing of Appellant's untimely petition without a

hearing. *See Roney*, *supra*. Therefore, we grant counsel's petition to withdraw, and we conclude the PCRA court properly dismissed Appellant's PCRA petition without a hearing as untimely.[10] Accordingly, the PCRA court's May 23, 2014 order is affirmed.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

---

[10] In light of our conclusion, we do not address Appellant's remaining claims.